**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

THOMAS BENSON,

            Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

            Defendant-Appellee.

No. 96-1498
(D.C. No. 95-D-2125)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

        After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is

therefore ordered submitted without oral argument.

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Thomas Benson appeals the district court's grant of summary judgment on his complaint against the United States attempting to secure a refund of approximately $9,500 paid in back taxes and interest for the tax year 1982. Because the parties are familiar with the facts of this case, we will only refer to those pertinent to our analysis.

In 1993, after several years of installment payments of taxes and interest due for the tax years 1980, 1981 and 1982, plaintiff contacted the IRS and requested a payoff balance for his unpaid tax liability. Because of an error made by an IRS employee, plaintiff was incorrectly informed that his remaining liability was $1,892.93, when, in fact, with the updated interest, plaintiff's actual liability was $9,603.07. Plaintiff paid the $1,892.93 and received a letter from the IRS stating that the balance due had been fully paid. Further, the tax lien with respect to the 1982 tax liability was released.

Plaintiff was eventually informed of the IRS' mistake. In April 1994, plaintiff paid the balance plus additional interest in the amount of $9,996.64. Of this latter amount, $484.32 was refunded in an administrative proceeding. Plaintiff filed suit in an attempt to recover the entire amount of additional interest.

Our review of the grant of summary judgment is plenary, and we apply the same standard as the district court pursuant to Fed. R. Civ. P. 56(c). See Kaul v.

Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). Thus, we determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

There are two exclusive methods by which tax liabilities can be compromised: either by a closing agreement in accordance with 26 U.S.C. § 7121, or by a compromise of tax deficiency executed pursuant to 26 U.S.C. § 7122. See also Uinta Livestock Corp. v. United States, 355 F.2d 761, 765 (10th Cir. 1966) (applying Botany Worsted Mills v. United States, 278 U.S. 282, (1929)). In Botany Worsted Mills, the Supreme Court stated, "[w]e think that Congress intended by the statute to prescribe the exclusive method by which tax cases could be compromised, . . . and did not intend to intrust the final settlement of such matters to the informal action of subordinate officials in the Bureau. When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." Botany Worsted Mills, 278 U.S. at 288-89. Plaintiff cites no statutory change or Supreme Court case which changes this principle, and it is undisputed that there was no agreement here between plaintiff and the IRS which complies with the requirements of either § 7121 or § 7122.

In an effort to avoid this result, plaintiff argues that, under the circumstances, the government should be estopped from collecting the interest he owed. In order to prevail on this theory, however, plaintiff must show "the government exhibited affirmative misconduct. Affirmative misconduct means an affirmative act of misrepresentation or concealment of a material fact. Mere negligence, delay, inaction, or failure to follow agency guidelines does not constitute affirmative misconduct." Board of County Comm'rs v. Isaac, 18 F.3d 1492, 1499 (10th Cir. 1994) (citations omitted). At the most, plaintiff has done no more than demonstrate negligence on behalf of the IRS employee who gave him the inaccurate payment information. His estoppel argument, therefore, fails.

The law is clear that compliance with 26 U.S.C. § 7121 or § 7122 is required to compromise a tax liability. Plaintiff's arguments based on various other Code sections and general principles of contract law, therefore, are unavailing. Plaintiff's request for attorney fees and court costs is denied.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

-4-